IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURIE GIRTZ,                                          CV. 07-1530-PK

                                                       FINDINGS AND
                                                       RECOMMENDATION

                              Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendants.
_____

PAPAK, Magistrate Judge:

        Plaintiff Laurie Girtz brought this action pursuant to 42 U.S.C. § 1383(c)(3) challenging

the denial of her claim for Supplemental Security Income payments under Title XVI of the

Social Security Act, and in the alternative, seeking judicial review of the dismissal of her request

for a hearing by the Social Security Appeals Council ("Appeals Council") because she did not

Page 1 - FINDINGS AND RECOMMENDATION

attend a scheduled hearing before an Administrative Law Judge ("ALJ") and did not provide

good cause for her failure to attend.  The defendant moves to dismiss plaintiff's complaint for

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Having reviewed all the

relevant documents, this court recommends that defendant's motion to dismiss be granted.

## LEGAL STANDARD

Judicial review of Title XVI claims arising under 42 U.S.C. § 1383(c)(3) is governed by

sections 405(g) and (h) of the Social Security Act:

> (g) Any individual, after any final decision of the Commissioner of Social
> Security made after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action commenced within
> sixty days after the mailing to him of notice of such decision or within such further time
> as the Commissioner of Social Security may allow.

> (h) The findings and decision of the Commissioner of Social Security after a
> hearing shall be binding upon all individuals who were parties to such hearing.  No
> findings of fact or decision of the Commissioner of Social Security shall be reviewed by
> any person, tribunal, or government agency except as herein provided.  No action against
> the United States, the Commissioner of Social Security, or any officer or employee
> thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claims
> arising under this title.

42 U.S.C. §§ 405(g), (h).  Thus, the only civil action permitted on any claim arising under Title

XVI is an action to review "the final decision of the Commissioner made after a hearing."  *See

also, e.g., Califano v. Sanders*, 430 U.S. 99, 108 (1977).

The term "final decision" is not defined in the Social Security Act, and "its meaning is

left to the [Commissioner] to flesh out by regulation."  *Weinberger v. Salfi*, 422 U.S. 749, 767

(1975).  The regulations, in turn, provide that a claimant must complete a four-step

administrative review process to obtain a judicially reviewable final decision.  20 C.F.R. §

416.1400(a); *see Sanders*, 430 U.S. at 102 ("[the Social Security Act] and regulations thus create

an orderly administrative mechanism, with district court review of the final decision of the [Commissioner].")

Under Social Security Administration regulations, an individual claiming entitlement to benefits first receives an initial determination from the Commissioner.  20 C.F.R. § 416.1402.[1] If dissatisfied with this determination, the claimant may ask for reconsideration.  20 C.F.R. § 416.1407.  If dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ.  20 C.F.R. § 416.1429.  If the claimant is dissatisfied with the ALJ's decision following the hearing, the claimant may request that the Appeals Council review the decision.  20 C.F.R. § 416.1467.  The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or the Appeals Council may grant the request for review and issue its own decision.  20 C.F.R. § 416.1481.  The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless the party files an action in federal district court or the decision is revised.  *Id.*

Additionally, disability benefits claimants have a statutory right to a hearing before an ALJ.  *See* 42 U.S.C. § 405(b)(1).  However, an ALJ may dismiss a hearing request if a party or a party's representative fails to appear at the scheduled hearing after having been notified that failure to do so would result in dismissal without further notice, or when the party fails to provide a valid reason ("good cause") for the failure to appear.  20 C.F.R. § 416.1457(b)(1).

## FACTUAL BACKGROUND

Plaintiff filed an application for Supplemental Security Income under Title XVI of the

---

[1] Regulations applicable to Supplemental Security Income benefits under Title XVI are located at 20 C.F.R. § 416.

Social Security Act which was denied both initially and on reconsideration by the Social Security Administration.  (*See* Decl. of Joan Devera ("Devera Decl.") ¶ 3(a) and Exhibit 1).  On August 26, 2004, plaintiff filed a request for hearing before an ALJ to review the denial of disability benefits.  ( *See* Devera Decl. ¶ 3(b) and Exhibit 2).  On August 8, 2006, a Notice of Hearing was mailed to the plaintiff to advise her of the time and place set for the hearing.  ( *See* Devera Decl. ¶ 3(c) and Exhibit 3).  The hearing was convened as noticed, but the plaintiff failed to appear at the scheduled hearing.

On September 11, 2006, Girtz was sent by certified mail a "Notice to Show Cause" why her request for a hearing should not be dismissed for failure to appear pursuant to 20 C.F.R. 416.1457(b).  ( *See* Devera Decl. at ¶ 3(d) and Exhibit 4).  On October 4, 2006, the ALJ dismissed the request for a hearing with the explanation that Girtz had not responded to the notice to show cause.  ( *See* Devera Decl. at ¶ 3(e) and Exhibit 5).

On October 31, 2006, plaintiff submitted a Request for Review advising the Commissioner that she had failed to appear at the scheduled hearing because her arrangements for a ride to the hearing fell through, that she had been in the process of securing representation,[2] that her agoraphobia and depression prevented her from appearing at the hearing and that her "limited intellectual functioning" prevented her from understanding the ramifications of her failure to appear.[3]   ( *See* Devera Decl. at ¶ 3(f) and Exhibit 6).

In addition, within the materials submitted to the Appeals Council, the plaintiff claims

---

[2] Girtz concedes in her letter that her former counsel informed her that she should attend the ALJ hearing and ask for a continuance.

[3] It is not asserted by Girtz that the mental health evaluations regarding these issues which were provided to the Appeals Council were ever provided to the ALJ.

that she did respond to the September 11, 2006 Notice to Show Cause.[4]   Girtz included a copy

of an unsigned, undated letter she claims to have sent to the ALJ within the time allotted which

states:

>       My name is Laurie S. Girtz, and I was scheduled to come before you for a hearing
> for a review of my claim appeal for Social Security benefits.  I wish to extend my sincere
> apologies for not making it to my hearing.  In as much as I have no car and no license, I
> had asked a friend to give me a ride.  My ride was unable to pick me up at the
> predetermined time, and when she did get here it was too late for me to get there on time.
> I know that your time is very valuable to yourself and to those who come to your court,
> so again I am very sorry that this happened and pray that you will be able to render a
> continuance in my favor.

>       The reason for the continuance is as follows.  Prior to the hearing I felt that the
> best thing for me to do was to find a local (sic) Lawyer to represent me.  I had made
> contact with a lawyer here in the Portland, OR. area but he didn't commit to taking my
> case right away.  The Friday prior to my hearing, and after further review of my
> paperwork and records, he felt that he would be unable to present my appeal.  His advice
> for me was to go to the hearing and request that you grant a continuance so that I would
> be able to find a lawyer that would be willing to present my appeal in the best way.
> Should you find it in your heart to grant me a continuance; I will try to locate a lawyer as
> soon as I can.  I wish you the best of days today and a better day tomorrow.

( *See* Attach. to Devera Decl. Exhibit 6).

On August 13, 2007, the Appeals Council denied the Request for Review of Dismissal

after concluding that there was no basis under the administrative regulations to grant plaintiff's

request for review.  ( *See* Devera Decl. at ¶ 3(g) and Exhibit 7).  Specifically, the Appeals

Council wrote:

>       The Appeals Council notes the explanation for not appearing at the hearing, which is not
> signed or dated, indicates that you did not appear because the arrangements made with
> your friend to drive you to the hearing fell through.  You also indicate that you were in
> the process of securing representation.  There is no showing that this information was
> given to the Administrative Law Judge prior to the scheduled hearing.  The Appeals
> Council also considered the memorandum dated April 27, 2007, from your newly
> appointed representative, but good cause can not be found on the basis of a mental

---

[4] The Appeals Council rejected this assertion.

Page 5 - FINDINGS AND RECOMMENDATION

impairment because the evidence of record does not show you lack the ability to understand the appeals process.

*Id*.

On October 12, 2007, the plaintiff filed a complaint in the United States District Court for the District of Oregon against the Commissioner of Social Security challenging the denial of a claim for benefits under Title XVI of the Social Security Act and, in the alternative, review of the dismissal of her request for a hearing before an ALJ.  Defendant filed the pending motion to dismiss on January 7, 2008.

## ANALYSIS

Defendant maintains that Girtz failed to exhaust her administrative remedies with regard to her claim and has therefore not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. §§ 405(g).  Girtz argues that she has exhausted her administrative remedies or, in the alternative, that the exhaustion requirements are waived because she has articulated a colorable constitutional claim.

### 1. Subject Matter Jurisdiction

Defendant argues that this court lacks jurisdiction to determine whether Girtz's request for a hearing was properly denied.  Specifically, defendant argues that the determination of the Appeals Council that good cause has not been shown, and that the claimant is not entitled to reinstatement of her hearing request, is not subject to judicial review.  The defendant states that the determination regarding Girtz was made without a hearing and thus is not "a final decision of the Commissioner made after a hearing" to fit within the purview of 42 U.S.C. § 405(g).  In response, Girtz argues that this court has jurisdiction since "the ALJ's determination that good cause does not exist is a '*final decision*' within the meaning of the law because there is no further

Page 6 - FINDINGS AND RECOMMENDATION

administrative action that may be taken by the Plaintiff."

The U.S. Supreme Court has stated that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" *Sanders*, 430 U.S. at 108 (quoting 42 U.S.C. § 405(g)). Here, there was no hearing or "final decision" by the Commissioner. "By [not attending] the hearing, [Girtz] waived [her] opportunity for a hearing and [she] failed to exhaust the administrative remedy upon which judicial review depends." *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992).

Girtz argues that a different result is mandated by *McNatt v. Apfel,* 201 F.3d 1084 (9th Cir. 2000), in which the court held that appearance of counsel without the claimant at a hearing for the purpose of requesting a continuance was an "appearance" for purposes of 20 C.F.R. § 404.957.[5]  However, as the Ninth Circuit later stated in *Subia v. Commissioner of Social Sec.*, 264 F.3d 899, 903 (9th Cir. 2001), *"McNatt* reaffirms rather than undermines the holding in *Hoye* that a claimant's failure to appear at a hearing, either personally or through counsel, precludes a claimant from obtaining a final decision of the Commissioner and, consequently, judicial review of her case."

Since Girtz failed to appear at her scheduled hearing, either personally or through her representative, she has not exhausted her administrative remedies and this court does not have subject matter jurisdiction of her complaint pursuant to 42 U.S.C. § 1383(c)(3).

### 2. Colorable Constitutional Claim

Although the decision to dismiss Girtz's hearing request was itself made without a

---

[5] 20 C.F.R. § 404.957 is identical to the corresponding Supplemental Security Income regulation 20 C.F.R. § 416.1457 which is relevant in this case.

hearing, and is therefore unreviewable, the U.S. Supreme Court recognized in *Sanders* that
otherwise unappealable decisions may be challenged on constitutional grounds.  430 U.S. at 107;
*see also Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997) (waiver of exhaustion applies to
any colorable constitutional claim of due process violation that implicates a due process right to
a meaningful opportunity to be heard).

    In response to Defendant's motion to dismiss, Girtz asserts that she has a "colorable
constitutional claim for violation of her due process claim to have a hearing on her application
for benefits." (*See* Plaintiff's Response p. 5).  Nowhere does Girtz identify the basis for that due
process claim or provide any facts to support it.  That failure alone is sufficient to grant
Defendant's motion.  *See Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985)
(constitutional claim "purely conclusory [and] unsupported by facts.)  Further, the evidence of
record refutes any suggestion that Girtz lacked a meaningful opportunity to be heard.  She
requested a hearing before an ALJ and the request was granted and a hearing scheduled.  (*See*
Devera Decl. ¶ 3(c) and Exhibit 3).  Girtz was advised that failure to attend the hearing could
result in dismissal of that request.  *Id.*  She was also advised to call the Office of Disability and
Adjudication Review immediately if she could not attend the hearing.  *Id.*  Despite failing to
attend the hearing and failing to call, the Appeals Council considered her explanation and found
it insufficient to establish good cause, and thus denied Girtz's request to review the ALJ's order
of dismissal.  (*See* Devera Decl. at ¶ 3(g) and Exhibit 7).

    Even if I attempt to provide some factual support for her constitutional argument, Girtz's
claim would still fail.  At most, her argument can be construed to allege that she did not receive a
meaningful opportunity to be heard because the ALJ failed to consider her letter that attempted

to establish good cause for failing to appear at the scheduled hearing.[6]  The ALJ's Notice of

Dismissal indicates that he never received that letter, and the Appeals Council, on request for

further review, notes that the letter is unsigned and undated.  Nonetheless, the Appeals Council

did consider Girtz's explanation for failing to attend the hearing and appropriately concluded that

the information did not provide a basis for changing the ALJ's decision.

## CONCLUSION

For the foregoing reasons, this court recommends that defendant's motion to dismiss (#9)

be granted.  Plaintiff's request for costs disbursements, and attorney fees should be denied.  A

judgment should be prepared accordingly.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District

Judge for review.  Objections, if any, are due April 18, 2008.  If no objections are filed, review

of the Findings and Recommendation will go under advisement on that date.  If objections are

filed, a response to the objections is due fourteen days after the date the objections are filed and

the review of the Findings and Recommendation will go under advisement on that date.

Dated this 4th day of April, 2008.

 /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

---

[6]Arguments that go to the merits of the ALJ's decision do not implicate a due process
right to a meaningful opportunity to be heard.  *Evans*, 110 F.3d at 1482.

Page 9 - FINDINGS AND RECOMMENDATION